[No. 1080, February 24, 1905.]

## TERRITORY OF NEW MEXICO, ex rel., F. W. CLANCY, Appellee, v. BOARD OF COUNTY COMMISSIONERS BERNALILLO COUNTY, Appellant.

### SYLLABUS.

1. Section 2578, of the Compiled Laws of 1897, provides that the salaries paid by the several counties of this Territory to the district attorneys, shall be paid quarterly.

2. While Chapter 36, Laws of 1901, provides that the actual expenses for boarding prisoners shall be paid in full before any other claims against the general county fund is paid, and before any pro rata distribution is made among the creditors of the county, and that such expenses may be paid at the expiration of each quarter, it nowhere provides that taxes collected for one year, shall be used to pay the debts of a previous year, before the debts of the year for which they were collected are paid.

3. Statements of fact made by counsel in a brief, if undisputed, can be considered by us, the same as an admission made on the trial of a case.

4. Money collected and placed to the credit of the general county fund to meet the expenses of Bernalillo county for the year 1904, cannot be lawfully used to pay the debts of that county contracted in the year 1903, until the debts contracted in 1904, and payable out of that fund, are paid in full.

Territory v. County Commissioners.

. Appeal from the district court of Bernalillo county, before BENJAMIN S. BAKER, Associate Justice.

WILLIAM B. CHILDERS, for appellant..

It is true that when a part of a provision of a statute is void and another part valid, and they can be separated from each other, courts are authorized to give force and effect to the valid part of the statute; but no such separation can be made in this case.

> Virginia Coupon Cases, 114 U. S. 304;
> Trade Mark Cases, 100 U. S. 92.

To give effect to this rule, however, the parts—that which is constitutional and that which is not constitutional —must be capable of separation so that each may be read by itself.

> Baldwin v. Franks, 120 U. S. 685.

See also

> Field v. Clark, 143 U. S. 695; Farmers'
> Loan, etc. Co., 154 U. S. 395; Pollock v. Farm-
> ers' Loan, etc. Co., 158 U. S. 636.

All laws enacted at the same session of the legislature, relating to the same subject, are in *pari materia,* and are to be construed together as if they were different sections of one act, and as if enacted upon the same day.

> Blackwell v. Bank, 10 New Mex. 555-567;
> see also Sedgwick on Construction of Statutes
> and Constitutional Law, p. 104.

And concerning repeals by implication, see

> U. S. v. Tynen, 11 Wall. 88. 92; Murdock
> v. Memphis, 20 Wall. 590, 617; Tracy v. Tuf-
> fly, 134 U. S. 206-223; Fisk v. Hanarie, 142
> U. S. 459; District of Columbia v. Hatton, 143
> U. S. 27.

FRANK W. CLANCY, for appellee.

Relator was entitled to have warrants drawn as ordered, because the money collected for 1904 is, in contemplation of law in the hands of the treasurer.

> Bank v. Arthur, 54 Pac. 1108; People v.
> Comptroller, 77 N. Y. 50; People v. Brown,
> 55 N. Y. 1889; State v. Stanton; 46 Pac.

1110; People v. Treanor 15 N. Y. App. Div. 512-3; State v. Craig, 69 Mo. 566, 568-9.

## STATEMENT OF FACTS.

This is an action of mandamus brought by the appellee to compel the board of county commissioners of Bernalillo county to draw a warrant upon the treasurer of Bernalillo county for the sum of $300.00, payable out of the general county fund for the year 1904, to pay him his salary as district attorney of Bernalillo county, for the first half of the year 1904.

An alternative writ was issued returnable on the 15th day of August, 1904, and on the 19th day of August, 1904, the answer of the defendant board was filed, and argument being had on October 3rd, of the same year a peremptory writ was issued, ordering that the warrant be drawn. From this judgment of the district court, appellants prayed an appeal to this court.

## OPINION OF THE COURT.

MILLS, C. J.—The answer of the defendant board shows that on January 1st, 1904, there was in the hands of the treasurer of Bernalillo county in the general fund, the sum of $2,077.85, collected on account of taxes levied for years prior to 1903, and from miscellaneous sources. We would naturally presume that all of the debts of the county for antecedent years had been paid, or this sum would not have been carried forward to the credit of the general county fund for the year 1904, were it not for the statement in the brief of the attorneys for appellants which we will refer to later on in this opinion. Of taxes levied in 1903, to pay the expenses of said county for the year 1904, on December 31st, 1903, there was in the hands of the treasurer, the sum of $6,570.31; from that date to March 31st, 1904, there was collected the further sum of $231.54, and up to June 30th, 1904, the additional sum of $5,290.00 was so collected, making in all to the credit of said fund the sum of $14,169.70, less what warrants had been drawn against it, and paid before that time. The answer further shows that warrants to the amount of $13,-840.35 were drawn against said fund, which would leave to its credit the sum of $329.35.

The answer of the defendants denies that the law provides that the salary of the district attorney of Bernalillo county should be paid quarterly, but in view of Section 2,578, of the Compiled Laws of 1897, it is apparent that this point is not well taken.

The alternative writ shows, and it is admitted by the answer, that the appellants had audited, allowed and approved the claim of the appellee for the first two quarters of the year, 1904, amounting to the sum of $300.00.

The Bateman Act, so-called, (Sections 285 to 306 inclusive, Compiled Laws of 1897), provides that each year shall pay its own debts, out of the taxes collected for such year. It also provides, (Section 301) that if an insufficient amount of money is collected during any current year with which to pay for the services, fees and salaries of the county officers, that then said officers and all creditors of the county shall receive in full payment of their claims his pro rata share of the money collected; the pro rata payments to be made quarterly. The law further declares void any indebtedness which cannot be paid according to the provisions of the act.

It is true that Chap. 36, Laws of 1901, provides that all of the actual expenses for boarding county prisoners shall be paid in full before any bill, fees or salaries are paid and before any pro rata distribution is made among the creditors of the county, and that such expenses may be paid at the expiration of each and every quarter, but said act nowhere provides, that taxes collected for one year shall be used to pay the debts of a previous year, before the debts of the year for which they were collected are paid.

It is also true that the legislature passed an act, Chapter 54, Sec. 12 of the Laws of 1903, that all taxes thereafter collected on account of taxes levied prior to and including the year 1901, shall be turned into the general county and school funds of the respective counties in which they are collected, but as we understand it the interpretation of these laws is not involved in this case. Nothing in the record before us shows that any debt due by Bernalillo county, in controversy in this case, was pay-

able either in whole or in part out of taxes levied prior to and including the year 1901.

It was clearly the duty of the board of county commissioners of Bernalillo county, at the end of the first quarter of the year 1904, if there was not enough money in the general fund collected from taxes levied in 1903, to pay the debts of the year 1904, to first pay the actual expenses for boarding county prisoners for said quarter, and then pro rata among the officers and creditors of the county whatever sum was left to the credit of the general fund. An inspection of the transcript in this case does not show that this was done.

The attorney for the appellants on page 4 of his brief, says: "The answer further alleges that warrants to the amount of $13,840.35, (the brief says $1,384.85, but this is evidently a typographical error) were drawn against said fund for valid, subsisting indebtedness due from the county of Bernalillo, and that but for the said sum of $2,077.85, which went to the credit of said fund as the product of taxes, licenses, and other miscellaneous sources, said fund would have been overdrawn, and refers to the warrants on file with the clerk of the said board of county commissioners as a part of the answer. These warrants when produced showed that the county commissioners had already drawn warrants against said fund, including the said last mentioned sum and leaving a balance of $326.36, and the figures in the answer so show; which said warrants were drawn for indebtedness largely, if not wholly, created for current expenses during the year 1903; about this there is no dispute."

This statement of counsel in his brief can be considered by us, the same as an admission made in the trial of a case. Statements of facts contained in the briefs of appellants are presumably correct. If there is any error in them, it is the duty of the appellee to point out what essential statements are omitted and to state them as an addition to appellant's statement with references to the record. Schilglemeyer v. Wright, 50 L. R. A. 129. The learned counsel for appellee does not dispute the statement of appellant, consequently we will assume that it is correct. The statement from the brief of counsel for

appellant, just above quoted, shows that practically all of the money collected and placed to the credit of the general fund to meet the expenses of Bernalillo county for the year 1904, was used to pay the debts of that county contracted in the year 1903. We hold that these payments are not authorized by law, as being in direct conflict with that part of the Bateman Act, which requires that taxes collected for a certain year and which go into the general fund of a county, shall be used to pay the debts contracted during that year until all such debts are paid in full.

Appellee takes the position that in contemplation of law money illegally and wrongfully paid out must be considered in law as in the treasury and in the custody of the treasurer, and in support of this contention he cites numerous cases. We need not, however, in deciding this case pass upon this question as the record shows that there was money enough in the treasury of Bernalillo county to the credit of the general fund, to pay the claim due the appellee, which has been approved by the board of county commissioners.

For the reasons above mentioned we are of the opinion that there was no error in the judgment of the district court in ordering the peremptory writ of mandamus to issue, and the judgment of the lower court is therefore affirmed, and it is so ordered.

Frank W. Parker, A. J., John R. McFie, A. J., Edward A. Mann, A. J., Wm. H. Pope, A. J., concur.

Abbott, A. J., did not participate in this decision